# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Bank of America, N.A.,                                    Civil No. 10-3832 (DWF/JSM)

          Plaintiff,

v.                                                        **MEMORANDUM**
                                                         **OPINION AND ORDER**

Gary R. Peterson; Sally L. Peterson; JP
Morgan Chase Bank, N.A. and its
successors and assigns; Horizon Bank,
National Association; Clear & Close Title
Agency, Ltd.; also all heirs and devisees
of any of the above-named persons who
are deceased; and all other persons or
entities claiming any right, title, estate,
lien or interest in real estate described in
the Summons and Complaint herein,

          Defendants.

_____

D. Charles Macdonald, Esq., Eleasalo V. Ale, Esq., and Michelle E. Weinberg, Esq.,
Faegre & Benson LLP, and Steven R. Little, Esq., Coleman Hull & van Vliet, PLLP,
counsel for Plaintiff.

John R. Neve, Esq., Neve Law, PLLC, counsel for Defendants Gary R. Peterson and
Sally L. Peterson.

_____

## INTRODUCTION

This matter is before the Court on a Motion for Summary Judgment brought by

Plaintiff Bank of America, N.A. ("BOA").  (Doc. No. 40.)  For the reasons set forth

below, the Court grants the motion.

**BACKGROUND**

On December 13, 2006, the Petersons closed on a home mortgage loan with BOA. (Doc. No. 43, Ex. O; Ex. B, Peterson Dep. at 30–34.)  The principal amount of the loan was $840,000 and was secured by property identified as the Petersons' primary residence in Blaine, Minnesota (the "Property").  (*Id.*)  Proceeds from the loan secured by the BOA mortgage were used, in part, to pay off and satisfy prior mortgages on the Property:  (1) a first mortgage payoff in the amount of $591,451.11 to Aurora Loan Servies; and (2) a second mortgage payoff to J.P. Morgan Chase in the amount of $149,519.35.  (Doc. No. 43, Ex. D, HUD-1 Settlement Statement; Peterson Dep. at 42, 43.)  The Petersons used another part of the loan proceeds in the amount of $24,286.58 to pay Settlement Charges and other costs associated with the loan (HUD-1 Settlement Statement), and they retained the remainder of the proceeds in the amount of $74,742.96 to finance their business, Bunker Hills Academy.  (Peterson Dep. at 7, 8, 43.)

At closing, the Petersons initialed the first page of the Federal Truth in Lending Disclosure Statement ("Disclosure Statement") (Doc. No. 43, Ex. E) and signed the Notice of Right to Cancel (*Id.* Ex. N), as required by the Federal Truth in Lending Act ("TILA").  15 U.S.C. § 1601, *et seq.*  However, the Petersons allege that they did not receive copies of these documents.  Sally Peterson testified that she called BOA in January 2007 to ask for copies, but that the Petersons did not receive the disclosure documents.  (Doc. No. 48, Ex. C, S. Peterson Dep. at 45, 46.)  On January 31, 2007, BOA sent the Petersons a letter signed by Lending Officer Carolyn Thompson.  (*Id.* Ex. G, Thompson Dep. at 13–15.)  The letter contained a check for $7,860, which was to correct

an overpayment of the APR and/or the Finance Charge, which were not properly

reflected in the TILA Disclosure Statement.  (*Id.*)  This letter did not contain a copy of

the TILA Disclosure Statement.  (*Id.* at 15.)  The Petersons cashed the check from BOA

in 2007.  (*Id.* at 53, 54.)

On January 31, 2007, BOA also sent an unsigned letter to the Petersons from BOA

Post Closing Auditor Miaysha Hutchinson.  (Doc. No. 43, Ex. F, Hutchinson Dep. at 11,

12.)  This letter stated that the Notice of Right to Cancel the Petersons signed at the

closing did not contain the correct time frame within which the Petersons could cancel

the loan.  The original Notice, signed by the Petersons, provided in part as follows:

> You are entering into a transaction that will result in a mortgage on your
> home.  You have a legal right under federal law to cancel this transaction,
> without costs, within THREE BUSINESS DAYS from whichever of the
> following events occurs last:
>
> (1)    The date of the transaction, which is 12/13/06; or
> (2)    The date you received your Truth in Lending disclosures; or
> (3)    The date you received this notice of your right to cancel.
>                                  * * *
> If you cancel by mail or telegram, you must send the notice no later than
> MIDNIGHT of **12/16/06** (**or MIDNIGHT of the THIRD BUSINESS
> DAY following the latest of the three events listed above.**)

(Doc. No. 43, Ex. N, Notice of Right to Cancel (emphasis added).)  The original Notice

of Right to Cancel gave the Petersons a three-day window to cancel, but the period fell

over a weekend.  Ms. Hutchinson's letter corrected this period to reflect a cancellation

period of three business days, which would have ended on the following Monday,

December 18, 2006.  (Hutchinson Dep. at 12.)  To avoid any confusion about the

sufficiency of the Notice of Right to Cancel, BOA gave the Petersons another three

business days from the Hutchinson letter to cancel the BOA loan.  (Doc. No. 42 at 6.)
The Petersons did not cancel the loan in response to this corrected notice.  (Peterson Dep.
at 58–60.)  Gary Peterson testified that he did not recall receiving this letter.  (*Id.*)

The Petersons made monthly payments to BOA in the amount of $4,987.50 in
accordance with the loan documents until approximately June 2009.  (*Id.* at 44; *see also*
Ex. J, Loan History for Peterson Account.)  At no point during this period did the
Petersons question the validity of the BOA loan or BOA's mortgage on the Property, nor
did they raise any issue regarding the loan documents, including the TILA disclosures.
(Peterson Dep. at 45, 46.)

The original Mortgage signed by the Petersons on December 12, 2006, was lost or
misplaced, and was therefore not recorded.  (Doc. No. 42 at 8.)  BOA contacted the
Petersons and requested that they execute a duplicate original mortgage.  (*Id.*)  The
Petersons refused this request.  (*Id.*)  On October 16, 2009, attorney Kenneth Smolar
asked the Petersons to cooperate with BOA's request, and included with his letter an
unsigned duplicate original mortgage for the Petersons to sign and return by October 26,
2009.  (*Id.* at 9.)  The Petersons refused, and instead, in letters dated October 27 and 28,
2009, gave notice to BOA of their purported rescission pursuant to TILA.  (Doc. No. 43,
Exs. L & M.)  The Petersons claim that as a result of BOA's alleged failure to provide
notice of right to rescind, they are entitled to rescind the loan for a period of three years
following the consummation of the loan.  (*Id.*)

BOA commenced this action to confirm its mortgage interest in the Property and
to resolve the Petersons' rescission claim.  The Petersons brought counterclaims against

BOA seeking enforcement of their purported rescission, statutory damages for failing to

rescind, declaratory judgment that the purported rescission is valid and that BOA's

security interest in the Property is void, and a judgment that the Petersons own the

Property unencumbered by any security interest in favor of BOA.  (Countercl. at 15, 16.)

BOA moved to dismiss the Petersons' counterclaim for rescission on the grounds

that the Petersons failed to allege a willingness or ability to tender the proceeds of their

mortgage loan back to BOA.  (Doc. No. 7.)  At the hearing on this matter, the Petersons

acknowledged that they did not plead a willingness or ability to tender the proceeds of

their mortgage loan back to BOA, but nonetheless argued that the Court should deny

BOA's motion to dismiss.  In its decision on March 4, 2011, the Court held that the

Petersons failed to allege a willingness or ability to tender payment of the net proceeds

that they received under the loan.  (Doc. No. 23 at 3.)  Rescission under TILA is

conditioned on repayment of the amounts advanced by the lender.  *Yamamoto v. Bank of

N.Y.*, 329 F.3d 1167, 1170 (9th Cir. 2003).  Therefore, the Court dismissed the Petersons'

rescission counterclaim with prejudice.  (Doc. No. 23 at 4.)  The Court also stayed the

Petersons' counterclaim for rescission for forty-five days to allow the Petersons to amend

their rescission counterclaim.  (*Id.*)  The Petersons submitted their amended counterclaim

on April 4, 2011.  (Doc. No. 24.)  BOA has now moved for summary judgment on the

Petersons' counterclaims.

## DISCUSSION

### I.     Legal Standard

Summary judgment is proper if there are no disputed issues of material fact and

the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The

Court must view the evidence and the inferences that may be reasonably drawn from the

evidence in the light most favorable to the nonmoving party.  *Enter. Bank v. Magna Bank*

*of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996).  However, as the Supreme Court has stated,

"[s]ummary judgment procedure is properly regarded not as a disfavored procedural

shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed

'to secure the just, speedy, and inexpensive determination of every action.'"  *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of

material fact and that it is entitled to judgment as a matter of law.  *Enter. Bank*, 92 F.3d at

747.  The nonmoving party must demonstrate the existence of specific facts in the record

that create a genuine issue for trial.  *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th

Cir. 1995).  A party opposing a properly supported motion for summary judgment "may

not rest upon the mere allegations or denials of his pleading, but must set forth specific

facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 256 (1986).

**II.     The Petersons' Claims**

**A.      TILA**

Congress enacted the TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." *Sobieniak v. BAC Home Loans Servicing, LP*, 2011 U.S. Dist. LEXIS 141152 at *5 (December 8, 2011) (quoting 15 U.S.C. § 1601(a)).  The Court broadly construes the TILA in favor of consumers.  *Id.* (citing *Rand Corp. v. Yer Song Moua*, 559 F.3d 842, 847–48 (8th Cir. 2009)).

In situations such as the Petersons', where a transaction is secured by a principal dwelling, the TILA allows borrowers an unconditional three-day right to rescind the transaction.  15 U.S.C. § 1635(a); *see also id.* § 1641(c).  This three-day period begins when the transaction is consummated, or when the required disclosures are delivered, whichever is later.  *Id.* § 1635(a).  Each consumer with an ownership interest that is or will be subject to the security interest must be given the required disclosures, including two copies of a notice of the right to rescind, 12 C.F.R. § 226.23(a)-(b)(1), and a TILA disclosure statement, outlining:

> The annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments [and] the due dates or periods of payments scheduled to repay the indebtedness.

15 U.S.C. § 1602(u).  The disclosures must be made "clearly and conspicuously in writing, in a form that the consumer may keep."  12 C.F.R. § 226.17(a)(1).  In the event that a creditor fails to make the required disclosures or provide cancellation

notices, the borrower's "right of rescission shall expire three years after the date of consummation of the transaction."  15 U.S.C.  § 1635(f); *see* 12 C.F.R. § 226.23(a)(3).

### 1.      Rescission

The Petersons seek rescission of their mortgage loan with BOA pursuant to the TILA.  They claim that BOA failed to provide them with the disclosures required pursuant to the TILA. (Countercl. ¶ 36.)  In particular, they claim that BOA did not provide them with a Notice of Right to Cancel and a Federal Truth-in-Lending Disclosure Statement ("Disclosure Statement") as required.  (Doc. No. 47 at 5, 6.)  The Petersons initialed the first page of the Federal Truth in Lending Disclosure Statement ("Disclosure Statement") (Doc. No. 43, Ex. E) and signed the Notice of Right to Cancel (*Id.*, Ex. N). However, the Petersons claim that BOA failed to provide them copies of the appropriate disclosures, and that therefore the Petersons have a right of rescission pursuant to the TILA (15 U.S.C. § 1635(f)) for a period of three years following the consummation of their loan transaction.  (Countercl. ¶ 41.)  The Petersons argue that they exercised their right of rescission by their letters dated October 27 and October 28, 2009.  (*Id.* ¶ 42.)

In this case, the Petersons' rescission claim is time-barred.  The Petersons closed on their mortgage loan on December 13, 2006.  (Doc. No. 43, Ex. O.)  However, they did not file their Counterclaim until November 3, 2010.  The TILA states that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures

required under this chapter [15 U.S.C.S. §§ 1631, *et seq.*] have not been delivered to the obligor."  15 U.S.C.  § 1635(f); *see* 12 C.F.R. § 226.23(a)(3).  Therefore, even if BOA did not effectively provide the necessary disclosures to the Petersons, the Petersons' right of rescission expired on December 13, 2009, three years after their mortgage transaction.

Two recent District of Minnesota cases have considered the issue of whether a borrower who has filed a notice of rescission within three years of a transaction may then bring a suit to enforce the right of rescission after the expiration of the three-year statute of repose.  In *Geraghty v. BAC Home Loans Servicing LP, et al.*, No. 11-00336, 2011 U.S. Dist. LEXIS 100810 (D. Minn. Sept. 7, 2011), although the borrower served a notice of rescission within three years of his loan transaction, he did not initiate a lawsuit to enforce the rescission until after three years had passed.  *Id.* at *3.  The Court in *Geraghty* considered the issue of whether notice of rescission is sufficient to exercise the right of rescission under 15 U.S.C. § 1635, or whether a borrower must initiate a lawsuit within the three-year period.  *Id.* at *8.  The Court acknowledged that the Eighth Circuit had not yet addressed whether a borrower who has filed a notice of rescission within three years of closing may then file a lawsuit to enforce the right after the expiration of the three year statute of repose.  *Id.*  Noting that a circuit split exists among circuits to have considered the issue, the Court sided with the majority and held that suit must be filed within the three year time period following the closing.  *Id.* at *10.  This approach, the Court indicated, was "most consistent" with the Supreme Court's unanimous opinion in *Beach v. Ocwen Federal Bank*, 523 U.S. 410 (1998), a case in which the Supreme Court held

that a borrower was not permitted to claim a right of rescission as an affirmative defense after the expiration of the three-year statutory window.  *Id.*

In *Keiran v. Home Capital Inc.*, the borrowers sent rescission notices to the creditor within the three-year statute of repose, but did not file a claim seeking rescission of the mortgage loan until almost four years had passed since the mortgage loan. No. 10-4418, 2011 U.S. Dist. LEXIS 137421 at *2 (Nov. 30, 2011).  The Court in *Keiran* joined the *Geraghty* Court in holding that "a suit for rescission filed more than three years after consummation of an eligible transaction is barred by the TILA's statute of repose."  *Id.* at *13.  In support of this position, the Court cited "the language of the TILA, the holding in *Beach*, and the strong public policy favoring certainty of title," as well as the history of the statute, which was amended to restrict the potentially indefinite rescission period to a three-year right of rescission.  *Id.* at *12, 13.

The Court finds the reasoning in *Geraghty* and *Keiran* persuasive.  Although the Petersons purported to rescind their mortgage with BOA in their letters dated October 27 and 28, 2009, they waited almost four years to file suit for rescission.  Thus, their rescission claim is time-barred.  The Court therefore denies the Petersons' motion for a declaratory judgment that their rescission was valid and BOA's security interest is void (Countercl. ¶ 58), and the Court grants BOA's motion for summary judgment on this ground.  Similarly, the Court denies the Petersons' claim for judgment that the Petersons own the Property unencumbered by any security interest in favor of BOA.  (Countercl. ¶ 62.)  Because their suit for rescission was filed after the three-year statute of repose, the

Petersons' attempted rescission is invalid, and BOA's security interest in the property is valid. The Court grants BOA's motion for summary judgment on this claim.

### 2.      Statutory Damages for Failing to Rescind

The Petersons also claim that BOA is liable for finance charges paid on the loan plus interest accrued since November 16, 2009, as well as attorney fees paid in connection with enforcing their TILA rescission claim. (Countercl. ¶¶ 47, 48, 54.) Because the Petersons' rescission claim is time-barred, their claim against BOA for statutory damages for failing to rescind necessarily fails as well. Further, however, the Petersons' claim for statutory damages for failing to rescind is also untimely. The TILA allows damages and attorney fees when a creditor violates the statute. 15 U.S.C. §§ 1635(g), 1640(a). However, a claim for monetary damages under § 1640 must be brought "within one year from the date of the occurrence of the violation." *Id.* § 1640(e). The Petersons closed on their mortgage loan on December 13, 2006. Their Counterclaim was filed November 3, 2010. Therefore, their claim for statutory damages for failure to rescind is time-barred.

### B.      Ability to Tender/Financial Status

BOA moved to dismiss the Petersons' Counterclaims on January 7, 2011, alleging that the Petersons were unable or unwilling to tender the proceeds of their mortgage loan to BOA. (Doc. No. 7.) The Court granted BOA's motion to dismiss from the bench, holding that the "Petersons have failed to allege a willingness or ability to tender payment of the net proceeds" and that "[r]escission under TILA is conditioned on repayment of the amounts advanced by the lender." (Doc. No. 23 at 3 (citing *Yamamoto v. Bank of NY*,

11

329 F.3d 1167, 1170 (9th Cir. 2003).)  The Court thus dismissed the Petersons' rescission

claim.  (*Id.* at 4.)  However, the Court stayed the dismissal for forty-five days to allow the

Petersons to amend their Counterclaim.  (*Id.*)  If the Petersons failed to amend their

Counterclaim adequately within this time period, the Counterclaim would be dismissed

with prejudice.  (*Id.*)  The Court also noted, however, that this was not an "all or nothing"

order; the Petersons were not required to show that they had the ability to *immediately*

tender the entire loan amount.  (*Id.* at 3 n.1.)

The Petersons filed an Amended Answer and Counterclaim on April 4, 2011,

alleging that they are willing and able to meet their tender obligations.  (Doc. No. 24,

Am. Countercl. ¶ 59.)  The Petersons proposed several tender-back options in their

Amended Answer and Counterclaim.  However, because the Court holds that the

Petersons' rescission claim is time-barred, the Court need not reach the issue of ability to

tender for purposes of this motion.

### III.    Bank of America's Claims Against the Petersons

BOA seeks a declaratory judgment that the mortgage is a valid lien against the

Property, and is superior to other rights, title and interest in the Property, and a

declaratory judgment that BOA complied with its obligations under TILA (i.e., that

Petersons are not entitled to rescind). Alternatively, BOA seeks an equitable lien and/or

constructive trust against the Property in the amount of the loan proceeds that were used

by the Petersons for their benefit.  (Doc. No. 42 at 10.)  Consistent with its decision

above, the Court holds that the BOA mortgage is a valid lien against the property.

Because the Petersons' TILA claims are time-barred and thus fail as a matter of law, it is

unnecessary for the Court to decide whether BOA complied with its obligations under TILA and Regulation Z.  Similarly, because the Petersons' claims against BOA are dismissed, there is no longer a need for the Court to impose a constructive trust or equitable lien against the Property.

The Court finds that the BOA mortgage is a valid lien against the Property, and authorizes the Office of the Anoka County Recorder to accept a certified copy of this Order for recording against the Property.

## ORDER

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1.    Plaintiff Bank of America, N.A.'s Motion for Summary Judgment (Doc. No. [40]) is **GRANTED**.

2.    The Petersons' claims against Bank of America are **DISMISSED WITH PREJUDICE**.

3.    The Office of the Anoka County Recorder is hereby authorized to accept a certified copy of this Order, with the Peterson's mortgage attached, for recording against the Property.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 11, 2012                    s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge